**Affirmed as Modified; Opinion Filed February 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00309-CR

### PATRICK DARNELL LAWRENCE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F08-73515-S**

---

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Justice Myers

Patrick Darnell Lawrence appeals his conviction, following the adjudication of his guilt, for burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a) (West 2011). The trial court assessed punishment, enhanced by two prior felony convictions, at twenty-five years' imprisonment. On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We

advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note that the judgment adjudicating guilt does not reflect either appellant's pleas or the trial court's findings on the two enhancement paragraphs alleged in the indictment. The pleas and findings are reflected on the order deferring adjudication of guilt. Accordingly, we modify the trial court's judgment adjudicating guilt to reflect that appellant pleaded true to both the first and second enhancement paragraphs and the trial court found true both the first and second enhancement paragraphs. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment. We order the trial court to enter an amended judgment adjudicating guilt reflecting these modifications.


/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140309F.U05

-2-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICK DARNELL LAWRENCE,
Appellant

No. 05-14-00309-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F08-73515-S).
Opinion delivered by Justice Myers, Chief
Justice Wright and Justice Evans
participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

Add section entitled "Plea to 1st Enhancement Paragraph: True."

Add section entitled "Plea to 2nd Enhancement/Habitual Paragraph: True."

Add section entitled "Findings on 1st Enhancement Paragraph: True."

Add section entitled "Findings on 2nd Enhancement/Habitual Paragraph: True."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.  We **ORDER** the trial court to issue an amended judgment adjudicating guilt that reflects these modifications.

Judgment entered February 25, 2015.